JOURNAL ENTRY and OPINION
Defendant-appellant herein, Edward Burian, appeals from the trial court's denial of his Civ.R. 60(B) motion to vacate judgment. Because we find that appellant was not entitled to relief from judgment based upon any of the grounds stated in Civ.R. 60(B), we affirm the judgment of the trial court.
On May 12, 1994, plaintiff-appellee State of Ohio filed a complaint and request for permanent injunction in the Cuyahoga County Court of Common Pleas against the appellant. The complaint arose out of allegations that the appellant had engaged in consumer fraud by accepting down payments for home replacement windows from customers and then failing to perform the contracted services or refund the down payments. On June 9, 1994, the appellant filed a pro se answer to the complaint in which he listed his home address as 22701 Center Ridge Road, Rocky River, Ohio, 44116. After filing his answer the defendant failed to appear for any scheduled court dates including a case management conference, a settlement conference and the default hearing.
On June 15, 1995, more than thirteen months after the case had been filed, the trial court granted default judgment in favor of appellee. The judgment was entered on the day that trial was scheduled after appellant failed to appear. In its order of May 17, 1995, entered subsequent to the called settlement conference for which the appellant did not appear, the trial court stated "judgment against defendant in amount of the prayer will be entered if defendant fails to appear for trial on June 5, 1995."
After the trial court's judgment entry of June 15, 1995, there were no other entries on the docket in this case until June 12, 2000 when the appellee filed a motion to show cause and motion for judgment debtor examination. These motions were granted by the trial court on June 13, 2000.
On October 6, 2000, the appellant filed his motion to vacate judgment pursuant to Civ.R. 60(B). On December 1, 2000, the trial court denied the appellant's motion to vacate judgment. The appellant timely filed the within appeal from the trial court's denial of the motion to vacate judgment and presents two assignments of error for this court's review. The two assignments of error, being conceptually similar and having a common basis in law and fact, will be addressed concurrently in this opinion.
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT-APPELLANT BURIAN'S RULE 60(B) MOTION TO VACATE JUDGMENT.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO HOLD AN EVIDENTIARY HEARING RELATIVE TO DEFENDANT-APPELLANT BURIAN'S RULE 60(B) MOTION TO VACATE JUDGMENT.
In order to prevail on a motion for relief from judgment brought pursuant to Civ.R. 60(B), the movant must demonstrate (1) a meritorious claim or defense, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. GTE Automatic Electric, Inc. v. ARC Industries(1976), 47 Ohio St.2d 146,351 N.E.2d 113; Buckeye Fed. S. L. Assn. v. Guirlinger (1991),62 Ohio St.3d 312, 314, 581 N.E.2d 1352. The trial court's determination on a Civ.R. 60(B) motion will be reversed only if the trial court abused its discretion. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20-21, 520 N.E.2d 564.
In the instant case the appellant's motion was filed approximately five years and four months after the default judgment entry was journalized. The appellant's assertion that he had no notice of the pendency of the hearing until the filing of the motion to show cause and motion for judgment debtor examination is belied by the fact that he filed an answer to the original complaint and within the answer listed his address as 22701 Center Ridge Road in Rocky River. This is the same address as was listed on the complaint and on the court's docket.
Once the appellant made an appearance and filed an answer in the instant case, he had a duty to keep apprised of the docket, including the motions filed by the appellee and the various scheduled court dates for which the appellant failed to appear. Having voluntarily filed an answer and provided the court with a mailing address, the appellant should not be heard to claim that he failed to appear for a case management conference, a scheduled deposition, a settlement conference and trial all for a "lack of notice."
Ohio courts have traditionally held that while some form of notice of a trial date is required to satisfy due process, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact. Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 113, 122. The U.S. Supreme Court has held that: "An elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank Trust Co. (1950), 339 U.S. 306, 314.
The trial court herein clearly provided notice reasonably calculated to afford all parties the opportunity to be heard to the appellant of the trial date. Appellant's assertion that he did not receive notice of the trial date is insufficient to meet his burden of showing that the motion to vacate was filed within a reasonable time given the fact that the appellant had, at the least, constructive notice of the contents of the trial court's docket.
Additionally, we note that the motion to vacate was not filed until nearly four months after the appellant received the motion to show cause and the motion for judgment debtor examination. The appellant has failed to explain why it took him nearly four months after receiving these motions to file his motion to vacate.
For the foregoing reasons, we concluded that the appellant was not entitled to relief under Civ.R. 60(B) because he failed to file the motion within a reasonable time. Accordingly, the trial court did not abuse its discretion in denying the motion. Assignments of error one and two are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and JAMES J. SWEENEY, J., CONCUR.